# EXHIBIT C

Exhibit C

CAUSE NO. 201971584

RECEIPT NO.                                    75.00        CTM
          **********                      TR # 73680710

| | |
|---|---|
| PLAINTIFF: WALTERS, STEVEN | In The   334th |
| vs. | Judicial District Court |
| DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | of Harris County, Texas |
| | 334TH DISTRICT COURT |
| | Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: COLBERT, ALLEN
    OR WHEREVER ELSE HE MAY BE FOUND

    5415  MARGARET LN   BEAUMONT  TX  77708 - 2917

    Attached is a copy of <u>PLAINTIFFS ORIGINAL PETITION REQUEST FOR DISCLOSURE AND FIRST</u>
    <u>REQUESTS FOR PRODUCTION</u>

This instrument was filed on the <u>1st day of October, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 4th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:                          MARILYN BURGESS, District Clerk
LE, MICHELLE CHRISTINE                         Harris County, Texas
16170  JONES MALSTBERGER RD. STE.              201 Caroline, Houston, Texas 77002
108                                            (P.O. Box 4651, Houston, Texas 77210)
SAN ANTONIO, TX  78247
Tel: (210) 491-2054
Bar No.: 24085427                              Generated By: SALGADO, CAROLINA  G17//11343573

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFFS ORIGINAL PETITION REQUEST FOR DISCLOSURE AND FIRST
to the following addressee at address:

_____          _____
                                           ADDRESS

_____          Service was executed in accordance with Rule 106
(a) ADDRESSEE                                 (2) TRCP, upon the Defendant as evidenced by the
                                              return receipt incorporated herein and attached
_____              hereto at

                                           on _____ day of _____, _____
                                           by U.S. Postal delivery to _____
                                           _____

                                           This citation was not executed for the following
                                           reason: _____
                                           _____

                                           MARILYN BURGESS, District Clerk
                                           Harris County, TEXAS

                                           By _____ Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

N.INT.CITM.P                          *73680710*

CAUSE NO.  201971584

RECEIPT NO.                                    75.00      CTM
\*\*\*\*\*\*\*\*\*                                TR # 73680710

| PLAINTIFF: WALTERS, STEVEN | In The   334th |
|---|---|

PLAINTIFF: WALTERS, STEVEN
            vs.
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

In The   334th
Judicial District Court
of Harris County, Texas
334TH DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: COLBERT, ALLEN
    OR WHEREVER ELSE HE MAY BE FOUND

    5415 MARGARET LN   BEAUMONT TX  77708 - 2917

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION REQUEST FOR DISCLOSURE AND FIRST
    REQUESTS FOR PRODUCTION

This instrument was filed on the 1st day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 4th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:
LE, MICHELLE CHRISTINE
16170  JONES MALSTBERGER RD. STE.
108
SAN ANTONIO, TX  78247
Tel: (210) 491-2054
Bar No.: 24085427

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: SALGADO, CAROLINA  G17//11343573

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
 PLAINTIFFS ORIGINAL PETITION REQUEST FOR DISCLOSURE AND FIRST
to the following addressee at address:

_____          ADDRESS

                                            Service was executed in accordance with Rule 106
_____              (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                                    return receipt incorporated herein and attached
                                                hereto at
_____

                                            on _____ day of _____, _____
                                            by U.S. Postal delivery to _____

                                            This citation was not executed for the following
                                            reason: _____
                                            _____

                                            MARILYN BURGESS, District Clerk
                                            Harris County, TEXAS

                                            By _____, Deputy

N.INT.CITM.P                        *73680710*

2019-71584



10-04-19

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 3.50          OCT 04 2019

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)          Marilyn Burgess
☐ Certified Mail Restricted Delivery    District Clerk
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage
$ 1.45

Total Postage and Fees
$ 7.70

Sent To
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY
Street and Apt. No.
C/O C T CORPORATION SYSTEM
1999 BRYAN ST STE 900
City, State, ZIP+4
DALLAS TX 75201 - 3136

PS Form 3800, April 2015    See Reverse for Instructions

7017 1450 0001 3702 2897

Unofficial Copy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.



2019-71584

10-04-19

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY
C/O C T CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201 - 3136

9590 9402 4974 9063 5225 68

2. Article Number *(Transfer from service label)*

7017 1450 0001 3702 2897

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X /Antoinette Williams
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* Antoinette Williams
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

2019- 71584          334th

73680706   10/4.

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ ...tricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form **3811,** July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

Unofficial Copy Office of Marilyn Burgess



USPS TRACKING #

9590 9402 4974 9063 5225 68

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

19 OCT 15 AM 10: 52

10-15-19

BY:
MAIL PROCESSING ADMIN

**SENDER: *COMPLETE THIS SECTION***

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ALLEN COLBERT
5415 MARGARET LN
BEAUMONT TX 77708 - 2917


73680710    10/4

9590 9402 4974 9063 5225 75

2. Article Number *(Transfer from service label)*

7017 1450 0001 3702 2903

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _James M Love_     ☐ Agent
                     ☑ Addressee

B. Received by (Printed Name)     C. Date of Delivery

_C. Laurest_     10/7/19

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

2019- 71584     334th

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ... icted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt



USPS TRACKING

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 4974 9063 5225 75

United States
Postal Service

2019 OCT 15 AM 10: 52

10-15-19

BY_____

• Sender: Please print your name, address, and ZIP+4® in this box•

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210

Unofficial Copy Office of Marilyn Burgess

10/25/2019 8:20 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37956260
By: Kevin Childs
Filed: 10/25/2019 8:20 AM

CAUSE NO. 2019-71584

| | |
|---|---|
| STEVEN WALTERS, Plaintiff | IN THE DISTRICT COURT |
| V. | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ALLEN COLBERT, Defendants | 334TH JUDICIAL DISTRICT |
| | HARRIS COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ALLEN COLBERT, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time, Defendants assert a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### SPECIFIC DENIALS

Plaintiff's claims are barred or limited, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

Walters vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0484643705.1

Page 1 of 4

Plaintiff failed to comply with certain conditions precedent to the policy prior to filing this lawsuit.

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Plaintiff's claims are barred, in whole or in part, because the losses alleged by Plaintiff was proximately caused in whole or in part by the fault, negligence, or failure to mitigate damages by Plaintiff.

Defendants hereby give notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

## III.

Pursuant to Texas Rules of Civil Procedure, Defendants request that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendants further request disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.

Defendants formally request a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.

## **DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P.

Walters vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0484643705.1

Page **2** of **4**

21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Plaintiff recover nothing of and from Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may be justly entitled, and for which Defendants will in duty bound, forever pray.

Walters vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0484643705.1

Page **3** of **4**

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 25th day of October, 2019, to:

MICHELLE C. LE
State Bar No. 24085427
LAW OFFICES OF MICHELLE C. LE, PLLC
16170 Jones Maltsberger Rd., Ste. 108
San Antonio, Texas 78247
Telephone: (210) 491-2054
Facsimile: (210) 349-9983
michelle.le@lelawoffices.com

ATTORNEY FOR PLAINTIFF                          *VIA E-SERVE*

**KIMBERLY BLUM**

Walters vs. Allstate, et al.                                                                                 Page **4** of **4**
Defendants' Original Answer and Request for Disclosure
0484643705.1

10/26/2019 8:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37992241
By: SIMONE MILLS
Filed: 10/28/2019 12:00 AM

CAUSE NO. 2019-71584

| | |
|---|---|
| STEVEN WALTERS, | IN THE DISTRICT COURT |
| Plaintiff | |
| | |
| V. | |
| | 334TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND | |
| PROPERTY INSURANCE COMPANY | |
| AND ALLEN COLBERT, | |
| Defendants | HARRIS COUNTY, TEXAS |

## NOTICE OF ELECTION OF LEGAL RESPONSIBILITY
## FOR ALLEN COLBERT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE

COMPANY ("Allstate") and files its Election of Legal Responsibility for ALLEN COLBERT

under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

### I.    BACKGROUND

Plaintiff filed a claim with Allstate. The claim was adjusted by one or more individuals at

Allstate's request, including Defendant, ALLEN COLBERT. Plaintiff subsequently filed this

action naming as defendants Allstate and ALLEN COLBERT.

For purposes of this Election, ALLEN COLBERT was an Allstate "agent" under Texas

Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent,

representative, or adjuster who performs any act of Allstate's behalf. *See* TEX. INS. CODE

542A.001.

### II.    ELECTION

Under section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept

legal responsibility for whatever liability ALLEN COLBERT might have to Plaintiff for ALLEN

COLBERT's acts or omissions related to Plaintiff's claims subject of this suit.

By this pleading, Plaintiff has provided written notice of Allstate's election of ALLEN COLBERT.

### III.    DISMISSAL WITH PREJUDICE

As statutorily mandated, under section 542A.006(c) of the Texas Insurance Code and based on Allstate's election, this Court "shall dismiss" this action against ALLEN COLBERT with prejudice. *See* TEX. INS. CODE 542A.006(c).

Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served in compliance

with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 26th day of October, 2019, to:

MICHELLE C. LE
State Bar No. 24085427
LAW OFFICES OF MICHELLE C. LE, PLLC
16170 Jones Maltsberger Rd., Ste. 108
San Antonio, Texas 78247
Telephone: (210) 491-2054
Facsimile: (210) 349-9983
michelle.le@lelawoffices.com

ATTORNEY FOR PLAINTIFF


**KIMBERLY BLUM**

10/1/2019 8:43 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37255556
By: Carolina Salgado
Filed: 10/1/2019 8:43 AM

CAUSE NO. _____

| | | |
|---|---|---|
| STEVEN WALTERS, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| V. | § | ____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| AND ALLEN COLBERT, | § | |
| *Defendants* | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR PRODUCTION, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff STEVEN WALTERS, files this Original Petition, Request for Production, and Request for Disclosure against ALLSATE VEHICLE AND PROPERTY INSURANCE COMPANY ("ALLSTATE" or the "INSURANCE DEFENDANT" or collectively as "DEFENDANTS"), and Allen Colbert ("Colbert" or the "ADJUSTER DEFENDANT" or collectively as "DEFENDANTS"), and in support thereof, would show as follows:

### A. DISCOVERY-CONTROL PLAN

1.  Plaintiff intend for discovery to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure and affirmatively plead that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because this case involves complex issues, will require extensive discovery, and Plaintiff seek monetary relief over $100,000. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### B. RELIEF

2.  As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel

states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seek monetary relief over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seek pre-judgment and post-judgment interest at the highest legal rate. Finally, as required by Rule 47(d), Texas Rules of Civil Procedure, Plaintiff demand judgment for all the other relief to which Plaintiff may be justly entitled.

## C.  <u>PARTIES AND SERVICE</u>

3.   Plaintiff resides in Harris County, Texas.

4.   Defendant Allstate Vehicle and Property Insurance Company is in the business of insurance in the State of Texas.    The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

    a)      The making and issuing of contracts of insurance with the Plaintiff;

    b)      The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

    c)      The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

    d)      The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with process by serving its registered agent C T Corporation System, 1999 Bryan St. Ste. 900, Dallas, TX 75201-3136, or wherever else it may be found.

5.   Defendant, Allen Colbert, is an individual residing in and domiciled in the State of Texas. This defendant may be served with process by serving him at 5415 Margaret Ln., Beaumont, TX 77708-2917, or wherever else he may be found.

### D.  JURISDICTION AND VENUE

6.  The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.  The Court has personal jurisdiction over INSURANCE DEFENDANT, Allstate, a nonresident, because INSURANCE DEFENDANT engaged in business in Texas by contracting with a Texas resident.  The contract was performed in whole or in part in Texas by the parties.

7.  Venue is proper in Harris County, Texas because all or a substantial part of the events or omissions giving rise to the causes of action were committed in Harris County, Texas and the Plaintiff and property which is the subject of this suit are located in Harris County, Texas.

8.  Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### E.  FACTS

9.  Plaintiff is the owners of a Texas Homeowners Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

10. Plaintiff own the insured property, which is specifically located at 8207 Cayton St., Houston, TX 77061-3203 (hereinafter referred to as "the Property").

11. INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff under Policy Number 829 157 112.

12. During the terms of said Policy, on or about November 1, 2017, Plaintiff sustained covered losses in the form of wind damage and sudden and accidental discharge damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy.  On or about December 8, 2017, INSURANCE DEFENDANT acknowledged receipt of the claim and stated they were

working on the claim. INSURANCE DEFENDANT assigned claim number 0484643705 to the claim and assigned ADJUSTER DEFENDANT COLBERT to investigate the damages. On that same date, ADJUSTER DEFENDANT inspected the property. During the inspection, ADJUSTER DEFENDANT ignored direct physical loss to the property and instead of giving the insured the benefit of the doubt, he conducted his investigation in a manner to deny coverage. Upon information and belief, COLBERT only conducted a cursory inspection of the loss and made a pre-determination to deny coverage. After the inspection, instead of conducting an investigation at INSURANCE DEFENDANT's expense, INSURANCE DEFENDANT sent a letter dated December 8, 2017, requesting Plaintiff's contractor's report to provide the cause of the damages and then closed the claim 10 days later. Plaintiff had to come out of pocket to pay his contractor to determine the cause and source of the sudden and accidental direct physical loss.

13. After the initial inspection and suspension of Plaintiff's claim, Plaintiff requested an additional inspection. That inspection took place on or about November 5, 2018. Instead of assisting the Plaintiff with finding coverage, he conducted an outcome-oriented investigation in order to deny coverage. On or about December 6, 2018, although the estimate lists ADJUSTER DEFENDANT on the estimate, it was completed by the second adjuster with a finding of no coverage. Thereafter, INSURANCE DEFENDANT finally made a coverage decision by sending a denial letter dated December 8, 2018, a year after it's acknowledgment of Plaintiff's claim. It stated there was no coverage because the shower valve leak was not sudden and accidental. However, he completely ignored the wind related damages to the roof.

14. Plaintiff then hired a representative Public Adjuster to assist him. Instead of

attempting to come to an amicable resolution to the claim, INSURANCE DEFENDANT sent another denial letter dated December 28, 2018 stating that the damage found during the inspection did not appear to be sudden.

15. Have no other choice, Plaintiff paid out of pocket the expenses to repair his property to pre-loss condition in the amount of $28,142.43.

16. As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

17. To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

## F.   CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

## I.   COUNT 1 - BREACH OF CONTRACT

18. Plaintiff herein incorporate the foregoing by reference.  The INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.  Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitute a breach of the insurance contract with Plaintiff.

19. INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT, conducted an outcome-oriented investigation,

although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

## II.  COUNT 2 - NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### a.  UNFAIR SETTLEMENT PRACTICES

20. Plaintiff herein incorporate the foregoing by reference. The INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

21. Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22. INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

23. INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

24. INSURANCE DEFENDANT'S unfair settlement practice, as described above,

of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

25. INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

26. INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

27. INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

28. Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary

information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

29. INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for their claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

30. Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

### b.  THE PROMPT PAYMENT OF CLAIMS

31. Plaintiff herein incorporate the foregoing by reference.   INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

32. INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

33. INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

34. INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim

following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### III.   COUNT 3 - BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

35. Plaintiff herein incorporate the foregoing by reference.   Plaintiff were insureds under an insurance contract issued by INSURANCE DEFENDANT, which gave rise to a duty of good faith and fair dealing.

36. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

37. From and after the time Plaintiff's claim was presented to Insurance Defendant, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. Insurance Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

38. INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### G.   CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT COLBERT

### I.   COUNT 1 – NONCOMPLIANCE WITH TEXAS INSURANCE CODE

39. Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, the ADJUSTER DEFENDANT, Allen Colbert was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER

DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code.  More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

a) misrepresenting one or more material facts and/or policy provisions relating to coverage;

b) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear;

c) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claims with respect to another portion of the policy;

d) failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

e) refusing to affirm or deny coverage within a reasonable time;

f) refusing to conduct a reasonable investigation;

g) ignoring damage known to be covered by the Policy; and/or

h) conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claims.

40. The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the claim to Colbert who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

41. ADJUSTER DEFENDANT inspected Plaintiff's property on or about December 8, 2017. During the inspection, ADJUSTER DEFENDANT was tasked with the

responsibility of conducting a thorough and reasonable investigation of Plaintiff's claims, including determining the cause of and then quantifying all the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all the damages caused by the loss.  Specifically, ADJUSTER DEFENDANT, conducted an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to deny coverage. Rather than scoping the damages for a covered loss, INSURANCE DEFENDANT put the burden on Plaintiff to provide a cause of loss determination. Based upon ADJUSTER DEFENDANT's cursory and outcome-oriented investigation, INSURANCE DEFENDANT, suspended the claim 10 days after requesting Plaintiff's contractor provide a determination of the loss. ADJUSTER DEFENDANT put into action the suspension of the claim and the eventual denial by INSURANCE DEFENDANT.

42. Despite having been assigned the claims, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

43. Plaintiff provided information regarding the losses and the claim to the ADJUSTER DEFENDANT. Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. Plaintiff provided enough information to the

ADJUSTER DEFENDANT to adjust and evaluate the loss including providing photographs of the sleet and hail from the date of loss. Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

44. The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

45. Where statements were made by the ADJUSTER DEFENDANT as more fully described above, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## H.  KNOWLEDGE

46. Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## I.  JURY DEMAND

47. Plaintiff demand a jury trial and tender the appropriate fee with this petition.

## J.  CONDITIONS PRECEDENT

48. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred. Specifically, Plaintiff provided written notice under Texas Insurance

Code §542A.003 on or about May 2, 2019.  In response, INSURANCE DEFENDANT issued a rejection letter on or about May 3, 2019.  At least 61 days have passed since the date of the Notice letter.

## K. DAMAGES

49. Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

50. As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above.

51. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorneys' fees. *See* Tex. Ins. Code §§542A.002 and 542A.007.

52. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. *See* Tex. Ins. Code §§541.060, 541.152, 542A.002 and 542A.007. For knowing conduct of the acts described above, Plaintiff ask for three times the actual damages. TEX. INS. CODE §541.152(b).

53. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled on the wind damages to the "amount of their claim, simple interest on the amount of the claim as damages each year at the rate determined on the

date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees." TEX. INS. CODE §542.060(c); *See* TEX. INS. CODE §542A.007.

54. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim for the sudden and accidental discharge, as well as eighteen percent (18%) interest per year on the amount of such claim as damages, together with reasonable and necessary attorney's fees. TEX. INS. CODE §542.060

55. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages. *See* TEX. INS. CODE §§542A.001(2), (3), (4), 542A.002, and 542A.007.

56. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## L.  <u>PUBLIC POLICY</u>

57. In addition, as to any exclusion, condition, or defense pled by DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANT violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff plead the doctrine of mutual mistake requiring information.

## M. REQUEST FOR DISCLOSURE

58. Under Texas Rule of Civil Procedure 194, Plaintiff request that DEFENDANT disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## N. FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

59. Under Texas Rules of Civil Procedure 196, Plaintiff requests that DEFENDANT produce in its native format or in an electronic format as close to its native format, within 50 days of the service of this request, the information or material requested in the following Requests for Production:

    1. Produce the non-privileged portion of the INSURANCE DEFENDANT's complete claim file for Plaintiff's property relating to

or arising out of any damages caused by the loss for which DEFENDANT opened a claim under the Policy.

2.  Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3.  Produce each adjuster's and/or adjusting company's complete non-privileged file for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy.

4.  Produce the entire non-privileged underwriting file for the subject property.

5.  Provide a privilege log for each withheld document.

## O.  FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT COLBERT

60. Under Texas Rules of Civil Procedure 196, Plaintiff requests that DEFENDANT produce, in its native format or in an electronic format as close to its native format, within 50 days of the service of this request, the information or material requested in the following Requests for Production:

1.  Produce all documents related to Plaintiff, the Property, the Policy, and/or the claim made the basis of this Lawsuit.

2.  Produce your complete adjusting file for Plaintiff's property relating to or arising out of any damages caused by the loss.

3.  Produce all emails and correspondence exchanged between you and INSURANCE DEFENDANT.

## P.  OBJECTION TO ASSOCIATE JUDGE

61. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## Q. **PRAYER**

62. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff has judgment against DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF MICHELLE C. LE, PLLC
16170 Jones Maltsberger Rd., Ste. 108
San Antonio, Texas 78247
Telephone:     (210) 491-2054
Facsimile:      (210) 349-9983


BY: _____ /s/ Michelle C. Le _____
MICHELLE C. LE
State Bar No. 24085427
michelle.le@lelawoffices.com


ATTORNEY FOR PLAINTIFF

**PLAINTIFF REQUEST A TRIAL BY JURY**

10/1/2019 8:43:40 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37255556
By: SALGADO, CAROLINA
Filed: 10/1/2019 8:43:40 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition, Request for Disclosure and First Request for Production _____

**FILE DATE:** 10/01/2019 Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Allen Colbert _____

Address of Service: 5415 Margaret Ln. _____

City, State & Zip: Beaumont, TX 77708-2917 _____

Agent (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | |
|---|---|---|
| ☒ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** Newspaper ____ | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*):
☐ **ATTORNEY PICK-UP** (phone) _____      ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____      **(No Service Copy Fees Charged)**
☐ **CONSTABLE**      *Note*: The email registered with EfileTexas.gov must be
☒ **CERTIFIED MAIL by District Clerk**      used to retrieve the E-Issuance Service Documents.
      Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Michelle C. Le      Bar # or ID 24085427

Mailing Address: 16170 Jones Maltsberger Rd. Ste. 108, San Antonio, TX 78247

Phone Number: 210-491-2054

10/1/2019 8:43:40 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37255556
By: SALGADO, CAROLINA
Filed: 10/1/2019 8:43:40 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition, Request for Disclosure and First Request for Production _____

**FILE DATE:** 10/01/2019 Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Allstate Vehicle and Property Insurance Company _____

Address of Service: 1999 Bryan St. Ste. 900 _____

City, State & Zip: Dallas, TX 75201-3136 _____

Agent (if applicable): C T Corporation System _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☒ **Citation** ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper** _____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____   ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**   *Note:* The email registered with EfileTexas.gov must be
☒ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Michelle C. Le   Bar # or ID 24085427

Mailing Address: 16170 Jones Maltsberger Rd. Ste. 108, San Antonio, TX 78247

Phone Number: 210-491-2054

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 201971584

RECEIPT NO.                                75.00        CTM
          **********                       TR # 73680706

PLAINTIFF: WALTERS, STEVEN                        In The    334th
        vs                                        Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY    of Harris County, Texas
                                                  334TH DISTRICT COURT
                                                  Houston, TX

                        CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY BY SERVING
    ITS REGISTERED AGENT C T CORPORATION SYSTEM
    OR WHEREVER ELSE IT MAY BE FOUND

    1999  BRYAN ST STE 900 \ DALLAS  TX  75201 - 3136

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION REQUEST FOR DISCLOSURE AND FIRST
    REQUESTS FOR PRODUCTION

This instrument was filed on the 1st day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

        YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
        This citation was issued on 4th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:                             MARILYN BURGESS, District Clerk
LE, MICHELLE CHRISTINE                            Harris County, Texas
16170  JONES MALSTBERGER RD. STE.                 201 Caroline, Houston, Texas 77002
108                                               (P.O. Box 4651, Houston, Texas 77210)
SAN ANTONIO, TX  78247
Tel: (210) 491-2054
Bar No.: 24085427                                 Generated By: SALGADO, CAROLINA  G17//11343573

                        CLERK'S RETURN BY MAILING
Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFFS ORIGINAL PETITION REQUEST FOR DISCLOSURE AND FIRST
to the following addressee at address:

                                                  ADDRESS
_____                   _____

_____                   Service was executed in accordance with Rule 106
(a) ADDRESSEE                                        (2) TRCP, upon the Defendant as evidenced by the
                                                      return receipt incorporated herein and attached
_____                       hereto at

                                                  on _____ day of _____, _____
                                                  by U.S. Postal delivery to _____

                                                  This citation was not executed for the following
                                                  reason: _____
                                                  _____

                                                  MARILYN BURGESS, District Clerk
                                                  Harris County, TEXAS

                                                  By _____, Deputy

N.INT.CITM.P              RECORDER'S MEMORANDUM            *73680706*
                    This instrument is of poor quality
                          at the time of imaging

CAUSE NO. 201971584

| RECEIPT NO. | | |
|---|---|---|
| ********** | 75.00 | CTM |
| | TR # 73680706 | |

PLAINTIFF: WALTERS, STEVEN
        vs.
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

In The  334th
Judicial District Court
of Harris County, Texas
334TH DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY BY SERVING
    ITS REGISTERED AGENT C T CORPORATION SYSTEM
    OR WHEREVER ELSE IT MAY BE FOUND

    1999 BRYAN ST STE 900   DALLAS TX 75201 - 3136

    Attached is a copy of <u>PLAINTIFFS ORIGINAL PETITION REQUEST FOR DISCLOSURE AND FIRST
REQUESTS FOR PRODUCTION</u>

This instrument was filed on the <u>1st day of October, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 4th day of October, 2019, under my hand and
seal of said Court.

<u>Issued at request of</u>:
LE, MICHELLE CHRISTINE
16170 JONES MALSTBERGER RD. STE.
108
SAN ANTONIO, TX 78247
Tel: (210) 491-2054
<u>Bar No.</u>: 24085427

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: SALGADO, CAROLINA G17//11343573

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
 PLAINTIFFS ORIGINAL PETITION REQUEST FOR DISCLOSURE AND FIRST
to the following addressee at address:

_____

ADDRESS

_____

(a) ADDRESSEE

Service was executed in accordance with Rule 106
  (2) TRCP, upon the Defendant as evidenced by the
  return receipt incorporated herein and attached
  hereto at

_____

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following
reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P

*73680706*